### ELSEY SPICER'S LESSEE v. JOHN CONNAWAY.

Court of Common Pleas. April, 1801.

*Wilson's Red Book, 357.*

Verdict for plaintiff. Rule to show cause why the verdict should not be set aside and a new trial granted because the verdict was against law, and also because the defendant was entitled to the charge of the Court to the jury in his behalf.[1] The rule was laid without opposition.

*Wilson* for plaintiff. *Ridgely* for defendant. At April Term, 1801, I being through indisposition unable to argue it, though I attended, *Mr. Bayard* argued for plaintiff.

The plaintiff had formerly obtained a judgment for £10 in an action of trespass against defendant and had issued a *fieri facias* returnable to May Term, 1787, to levy the sum of £18; it recited a recovery on account of promises. Afterwards writs of *venditioni exponas* issued until the lands now sued for were sold, some of which recited the action as debt. The numbers and references on the writs and dockets correspond with the action of trespass. William Polk, Esq., had a prior judgment in debt and regular executions at the same time against the same defendant. The lands were sold under both executions, which in their returns make it the same sale, and the plaintiff the purchaser, who satisfied Polk's judgment, which was for upwards of £40. The sheriff

---

[1] Footnote by Wilson, "This latter ground was never afterwards urged; certainly it is not tenable. *Vide* 1 Wash. 219, 220."

who sold went out of office, and plaintiff petitioned for and obtained an order for the next sheriff to convey, who executed a deed for the lands in dispute to plaintiff, reciting only plaintiff's judgment and executions. Plaintiff proved a conveyance bond to defendant from Twiford, who had a warrant and survey for these and other lands, which were also exhibited, together with a certificate and patent obtained by plaintiff under the Land Office laws of this state, upon which he had brought this suit.

*Ridgely.* The execution is not supported by the judgment, the former being for £18 and in assumpsit; the latter for £10 and in trespass; and, if irregular, it could neither authorize the sale nor transfer a title to the plaintiff. The form of judicial writs should be according to approved precedents in those cases, 2 Bac.Abr. 348.[2] The execution in trespass is different from one in assumpsit, *vide* 10 Went.Pl. 323. It should be according to the nature of the action upon which it is founded and of the judgment which is had or recovered, 3 Bl.Comm. 412.

*Bayard.* The question is whether a defect in judicial proceedings can affect a title where there has been no reversal,[3] and whether third persons can take advantage of such defect at almost any given period of time. But independent of these questions, there are legal proceedings of a sale to Spicer under a regular judgment and execution in favor of Polk. The sheriff's deed is a mere form to complete the act of sheriff in selling and operates in this case to the completion of a sale which was made under regular proceedings; its recital of only one judgment and execution is immaterial, for there was but one sale under both writs. The only defect in plaintiff's title under this judgment is a want of recital of it in the deed, and that cannot affect the title. Is a deed void under a power where the power is not recited, provided there is a power? This is not a misrecital, for if both judgments and executions had been recited, the case would have been only as it really was; the omission of a recital is a mere defect of form. The court on motions for new trials exercise a legal discretion guided by the circumstances of the case and never grant them unless the merits require it. The court never set aside a verdict for a mere defect in form.

With respect to the first question, whether a mere misrecital in the writ of execution recited in the deed can affect the plain-

---

[2] Footnote by Wilson, "This was an *elegit* which, not mentioning the lands, could not authorize a delivery of them. But, notwithstanding, judicial writs may be good though defective in form. 10 Mod. 270."

[3] Footnote by Wilson, "An irregular execution may be avoided in evidence in ejectment brought for the lands, 2 Bac. Abr. 369, Lev. 160."

tiff's title under that judgment and execution, there is no doubt the writ was to carry this judgment into effect, the recital of which judgment in it is therefore also mere matter of form. But at best what is this but irregularity or error? To take advantage of which, this defendant ought either to have appeared at the return of the writ to set it aside or brought his writ of error; but if he delayed his application the court will give him no relief by motion after the term, nor could he bring error after five years. But when he has sat his time and not moved when he might have had redress, shall he now have advantage of the slip of form after plaintiff has been at so much trouble and expense? In this way no length of time bars. The £18 was no doubt for the £10 and costs, but this cannot be easily ascertained as costs were not formerly indorsed, yet if this is to defeat plaintiff's title and recovery, where does the argument stop? A mistake in one cent might defeat a title. By 1 Del.Laws 115, if any judgment be reversed, the lands sold shall remain with the purchaser; and I do not know where the principle would end if an error in the proceedings could avoid the title.

*Ridgely*. There is here no error. The judgment is right, but there is no legal execution. The judgment has not been enforced; so part of the judicial process may in some cases be right, and the rest void. We cannot set aside the judgment; and if it were even reversed, the sale remains good by the Act of Assembly, provided it was regular. The judgment is in full force until avoided, and a regular sale under a judgment, while in force, is good when done and shall always stand, though the judgment be reversed; but here was no regular sale, for the writ was never good and could give no authority. Upon the principles of the gentleman you might sell my lands under a judgment rendered against a third person. The judgment would not be reversible, and because the proceedings were not set aside at the first term, all would be right, my title would be gone, and I could have no advantage of the irregularity.

This deed is not under the execution and judgment of Polk; a misrecital in a deed binds parties and privies. If a deed is not necessary, and the plaintiff can have advantage of the sale under Polk's proceedings, why make a deed at all in any case? Why is a petition and order that the present sheriff shall convey where his predecessor has sold given by law? In the case of *Peery's Lessee v. Burton* it was decided that a sheriff's deed, unless a judgment be shown to warrant it, passes no title; and that determination has never been doubted.

*Curia advisare vult.*